UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION


UNITED STATES OF AMERICA,     )
                               )
         Plaintiff,         )
                               )
   vs.                     )     Case No.  4:05CV605 HEA
                               )
VIRGIL LEE JACKSON,        )
                               )
         Defendant.      )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Order and Report and Recommendation of United States Magistrate Judge David D. Noce, [Doc. # 63], pursuant to 28 U.S.C. § 636(b). Defendant has filed Objections to the Report and Recommendation and seeks a reversal of certain Orders of Judge Noce contained within the Order and Recommendation. Judge Noce recommended that defendant's Motion to Dismiss the Indictment, [Doc. No. 26] and his Motion to Suppress Statements, [Doc. No. 35] be denied. Judge Noce ordered defendant's Motion for Disclosure of the Identities of Confidential Informants denied as moot; defendant's Motion for Bill of Particulars denied; defendant's Motion for Production of the Grand Jury Record denied; Defendant's Motion to Take a Deposition denied; and defendant's Motion for Leave to File Additional and Supplemental Motions

sustained.

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id.* The court has reviewed the entire record, including listening to the audio recordings of the hearing held on March 7, 2006.

### Defendant's Objections to Judge Noce's Recommendations

Initially, defendant objects to Judge Noce's recommendation that his Motion to Dismiss the Indictment be denied. Defendant argues that to simply allow the government to allege that defendant possessed a firearm on the date in question in St. Charles County does not provide him with sufficient factual specificity to allow him to prepare an adequate defense, nor does it adequately protect him from double jeopardy , making the indictment legally deficient. The defendant, however, fails to inform the Court of what further allegations he needs to prepare his defense. While he argues in his memorandum in support of the motion different scenarios which are presented in the hypothetical, defendant does not state that the government has indicated any of these scenarios will be presented at trial. Specifically, the

indictment informs defendant of the charges filed against him based on his actions on a certain date. It advises him of the requisite previous convictions which form the basis for his classification as a felon. The indictment also advises describes the firearm he is alleged to have possessed and that this firearm had previously been transported in interstate commerce. As Judge Noce observed, this indictment is <u>clearly</u> legally sufficient on its face; it contains all the elements of the crime, fairly informs defendant of the charges he must defend and contains sufficient information upon which he can plead a conviction or acquittal as a bar to future prosecution. U..S. Const. Amends. V and VI; Fed.R.Crim.P. 7(c); *United States v. White*, 241 F.3d 1015, 1021 (8th. Cir. 2001).[1] Nothing more is required of this indictment, and defendant's patently vague attack on its sufficiency is therefore overruled.

Defendant also argues that the recommendation that the motion to dismiss be denied is premature because he was denied access to grand jury records. As discussed, *infra*, this objection is meritless.

Defendant also objects to Judge Noce's recommendation that his motion to

---

[1] Defendant also wishes to preserve his Commerce Clause challenge to 18 U.S.C. § 922(g)(1) both on its face and as applied to, presumably defendant, although defendant's objections state "Plaintiff." The Court takes note of this and accordingly defendant's challenge will be preserved.

suppress statements be denied.[2]  Defendant states that at the suppression hearing, he learned for the first time that ATF Special Agent Heitzler, who handled the investigation of this matter, is a long time family friend of Amy Cox.  Cox is the daughter-in-law of Gerald Cox, a competitor of defendant in the bail bond business. Defendant further claims that it is unclear to what extent Special Agent Heitzler's personal relationship with Amy Cox influenced the investigation of this matter.  This statement is neither an objection to the recommendation that the Motion to Suppress be denied, nor a motion of any kind.  The Court is at a loss, and entirely perplexed, as to any significance of this statement to the issues before the Court.

Defendant also argues that the statements defendant made to two fellow inmates should be suppressed because there is no evidence that these inmates were not acting under the direction of the government, as agents of the government, or on behalf of the government.  Counsel for the government represented to the Court at

---

[2]  Defendant also seeks to preserve his right to seek to suppress any statements made by him to law enforcement officers while in custody and further sought the suppression of recorded telephone conversations between him and his spouse.  There does not appear to be any statements made by defendant to officers, but in the event that there are some such statements, defendant may, at a later time, file a motion to suppress such statements.

As to statements between defendant and his spouse, the government agrees not to seek admission of statements made between defendant and his spouse in this case, but does not agree that the statements are inadmissible in a case involving defendant and his spouse as coconspirators.  Defendant's motion regarding statements involving his spouse in this case, is therefore moot and the objection is overruled.

the hearing that these individuals came to the government with the information. They were not hired, as was the case in *United States v. Henry*, 447 U.S. 264, 274 (1980) by the government to acquire information from defendant. Without any further showing by defendant, his argument is totally speculative and does not warrant the suppression of the statements made to Burke and Sunday. The objection is overruled.

## Defendant's  Objections to Judge Noce's Orders

Defendant "objects" to certain orders contained in Judge Noce's Order and Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(A), this Court may only reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). In his Order of April 12, 2006, Judge Noce articulates his reasoning for denying the motions  and sustaining defendant's motion to file other pretrial motions.

## Rule 404(b) Evidence

Defendant takes issue with the denial of his motion for earlier disclosure of the government's intention to use Rule 404(b) evidence so that he may timely file any appropriate motion in limine with respect to such evidence. The Court therefore will allow defendant additional time, up to and including the date of commencement

of the trial, to file motions in limine with respect to any Rule 404(b) evidence.

## Leave to Take Depositions

Defendant argues that he should be allowed to take depositions because Agent Heitzler is a family friend of Amy Cox, whose father-in-law is Gerald Cox, a competitor of defendant. Additionally, defendant states that he attempted to take depositions of three likely government witnesses after the hearing on March 7, 2006. Defendant argues that Smith and Cox failed and refused to appear for their depositions despite being served with subpoenas by the Administrative Hearing Commission of the State of Missouri.

In his Order denying the motion for leave to take depositions, Judge Noce discussed the applicable law and found that defendant has not shown that these witnesses are ones he will call in his case, nor that exceptional circumstances exist or that the testimony will be lost before trial. Under 28 U.S.C. § 636, the Court cannot conclude that this finding was clearly erroneous. Just because these witnesses did not abide by a subpoena issued by another judicial entity does not demonstrate exceptional circumstances in this case. Defendant will have the opportunity to cross examine government witnesses in the trial.

## Grand Jury Records and Papers

Judge Noce's ruling regarding the grand jury records and papers is not

clearly erroneous. Defendant has failed to present any need for such disclosures. He merely offers to particularize his need for the information after it is disclosed. While defendant argues that it is possible that there may be some person present in the grand jury hearings, there is absolutely no indication, much less evidence, that there was any abnormality with regard to the grand jury proceedings. Further, defendant argues that he is entitled to this information because of his theory that the government and the Missouri Department of Insurance "have been cooperating in their efforts against Defendant based upon the representations of the general counsel for the Department of Insurance." Defendant's speculation aside, Judge Noce's ruling regarding disclosure of the grand jury materials was not, by any stretch, clearly erroneous.

Defendant's objections to the Recommendations contained in Judge Noce's Order and Report and Recommendation are overruled, and the Court adopts Judge Noce's recommendations.

Defendant's requests to review those orders issued by Judge Noce in the Order and Report and Recommendation are denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss the Indictment, [Doc. No. 26] is denied.

**IT IS FURTHER ORDERED** that defendant's Motion to Suppress

Statements, [Doc. 35], is denied.

Dated this 26th day of April, 2006.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE